FILED

JUL 2 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In The
United States District Court
District Of Columbia
Washington D.C. Division

U.S. COURT OF APPEALS
DISTRICT OF COLUMBIA CIRCUIT

JUL 0 5 2006

RECEIVED

Duaine Gregory Ellis #973409
Wabash Valley Correctional Facility
P.O. Box 2222
Carlisle, Indiana 47838
                Plaintiff - Movant

V.

Office Of The U.S. Attorney General
U.S. Department Of Justice
C/o Solicitor General United States
Room 5614
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001
                Defendant-Respondent

Immigration Naturalization Service
U.S. Department Of Justice
425 Eye Street, N.W.
Washington, D.C. 20536
                Defendant-Respondent

CASE NUMBER   1:06CV01316

JUDGE: Emmet G. Sullivan

DECK TYPE: Pro se General Civil

DATE STAMP: 07/26/2006

## Complaint For Declaratory Judgment

The plaintiff, Duaine Gregory Ellis, pro se, respectfully allege:

This is an action for declaratory judgment under the Declaratory Judgment Act (28 U.S.C. § 2201) and for judicial review under 5 U.S.C. §§ 701 et. seq.

RECEIVED

JUL 0 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

The defendant, Alberto Gonzales, is the Attorney General of the United States and is charged with the statutory duty to determine, after appropriate hearings whether aliens are to be deported from the United States or whether their pending deportation may be suspended providing they meet certain standards of eligibility

The plaintiff was born in Barbados in 1974 and is now a citizen and subject of Indiana.

The plaintiff first entered the United States as a child on or about 8 November 1977. It was his second or third entry. Plaintiff first entered the United States with his biological father (Gordon Fitzeverton Ellis) in 1975. Shortly thereafter the plaintiff established a residence at 14 Jeffrey Lane, Lake Success, New York 11020. Plaintiff lived with his father until age 18. Since 1975 until the date of arrest 12 December 1997, and as of this date plaintiff has resided at 6908 U.S. Hwy 41. Sullivan County, Carlisle Indiana 47838

On or about 12 December 1997, a warrant was issued by the Immigration and Naturalization Service (INS) for plaintiff arrest for having been convicted of aggravated battery in the Marion Superior Court, Indianapolis, Indiana 46204. Plaintiff's File No. A35-557-798.

On or about 9 December 1997 the INS ordered plaintiff to appear at 536 South Clark Street, Room #646, Chicago, Illinois 60605. Plaintiff was required to show cause why he should not be deported. Hearings were conducted on 2 June 1998, 6 October 1998, 16 February 1999, 28 September 1999, at the Plainfield Correctional Facility. 727 Moon Road, Plainfield, Indiana.

On or about 2 June 1998, plaintiff executed an application for suspension of deportation in open court. At the time, plaintiff made an application for discretionary review, to wit: suspension of deportation under § 244 of the Immigration and Naturalization Act of 1952 (8 USC § 2254).

Plaintiff has been physical present in the United States since 1977 when he was three (3) years old. His conviction for aggravated battery occurred 15 April 1987. For 20 years immediately preceding the date of Application and was, and is, a person of good moral character an was, and now is, a person whose deportation would result in extreme hardship to plaintiff, fiancee, mother, father, brothers (sic) who are citizens of the United States.

The hearing was held on 28 September 1999, and at the conclusion defendant's immigration judge concluded that that under § 241 of the Immigration and Naturalization Act of 1952 (8 USC §1251), plaintiff was subjected to deportation, in that, plaintiff was convicted of aggravated battery. The immigration judge further concluded that the discretionary relief sought by plaintiff was not available to plaintiff for the reason that he could not derive citizenship through his mother and father.

It was apparent that in the course of the hearings that the immigration judge totally ignored the uncontradicted testimony and facts supporting plaintiff's claim for relief under the provisions delienated in § 244 of the Immigrated and Naturalization Act, and failed and refused to exercise the discretion vested him by law in reaching adverse conclusions. Plaintiff is entitled to a full measure of the exercise of discretion under the hearing procedures and laws applicable thereto, but defendant's failure and refusal to exercise such discretion in plaintiff's hearing deprived plaintiff of due process of law.

Defendant, INS, through the immigration judge, ordered plaintiff to depart voluntary from the United States at his own expense and, upon failure to do so within the time fixed by defendant INS, to be deported summarily in accordance with the charge outlined in the warrant of arrest.

The decision of the INS denying plaintiff suspension of deportation and ordering plaintiff deportation upon his failure to depart within a time prescribed was arbitrary and capricious and inconsistent with ordinary fairness based upon the evidence adduced at the hearing and the and the statutes applicable there to.

Plaintiff appealed the decision of the immigration to the Board of Immigration Appeal in March 2000. The Board merely reiterated the findings of the special inquiry officer and dismissed plaintiff's appeal. Plaintiff have been ordered to report for deportation to the office of the District Director of Immigration and Naturalization at Chicago, State of Illinois on 30 June 2006, at which time at which time he will be deported. Plaintiff has exhausted administrative remedies and will be summarily deported unless he is granted judicial review of the arbitrary and capricious actions and omissions of the defendant(s). Unless the INS is restrained from deporting plaintiff, he will cause irreparable injury and this court will lose jurisdiction over the controversy, and plaintiff will thereby be relegated to a position from which he will be unable to avail himself of the due process of law accorded persons in his circumstances under the Constitution and laws of the United States.

Wherefore, plaintiff respectfully request :

1. Judgment be granted declaring the hearing on plaintiff's application for suspension of deportation was unfair, and null and void, and without force and effect.

2. Plaintiff be granted suspension of deportation.

3. Defendant Alberto Gonzales, U.S. Attorney General and all those acting for or under him be permanently enjoined from taking plaintiff into custody and deporting him.

4. The court grant such other and further relief as it may deem just and proper.

Respectfully Requested

_Duaine Gregory Ellis_

Duaine Gregory Ellis, Plaintiff


Certification.

I, Duaine Gregory Ellis, plaintiff herein, do hereby state under Oath and the penalty of perjury that a copy of this pleading was mailed First Class prepaid postage container to the Honorable Alberto Gonzales, Attorney General of the United States, United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington D.C. 20530-0001 on this 26th day of June 2006.

_Duaine Gregory Ellis_

Duaine Gregory Ellis # 973409
Wabash Valley Correctional Facility
P.O. Box 2222
Carlisle, IN. 47838

Subscribed and sworn to before me a Notary Public on this 26th day of June 2006.

Notary Public: _Beverly U. Gilmore_

My Commission Expires: ___5/29/2014___

5 of 5