UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DUAINE GREGORY ELLIS, | ) |
| Plaintiff, | ) |
| v. | ) Case Number: 1:06 CV1316 (EGS) |
| OFFICE OF THE UNITED STATES ATTORNEY GENERAL, *et al.*, | ) |
| Defendants. | ) |

**MOTION TO DISMISS**

This is an immigration case arising out of deportation proceedings involving Plaintiff Duaine Gregory Ellis. Plaintiff filed this Complaint on July 26, 2006, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, seeking suspension of, and a permanent injunction against, deportation to Barbados.[1] Although styled as a complaint for declaratory and injunctive relief, it is fundamentally a challenge to an order of removal by the Executive Office for Immigration Review's Board of Immigration Appeals ("BIA"). *See* Def. Exh. 1, Decision of the BIA and attachments. Such a challenge cannot be heard by this Court because Courts of Appeals have exclusive jurisdiction to review final orders by the BIA, under Section 242(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C.§ 1252(a), *as amended* by REAL ID Act of 2005 ("RIA"), § 106, Pub. L. No. 109-13, Div. B, 119 Stat. 231, 302.

---

[1]    Plaintiff was deported to Barbados on October 25, 2006.

Defendants, by and through their undersigned counsel, hereby move to dismiss this suit pursuant to Fed. R. Civ. P. 12(b)(1), as the Court lacks subject matter jurisdiction. Alternatively, because Plaintiff has been deported from the United States and has no counsel to represent his interests, this Complaint is moot and should be dismissed for lack of prosecution.

*Pro se* Plaintiff should take notice that any factual assertions contained in the exhibits in support of this Motion and supporting exhibits may be accepted by the Court as true unless the Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions therein. *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992).

In support of this Motion, the Court is referred to the (1) accompanying Memorandum of Points and Authorities, (2) attached Exhibit, and (3) proposed Order attached hereto.

Respectfully submitted,

   /s/ Jeffrey A. Taylor  by MJ
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   /s/ Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
555 Fourth St., N.W., Room E4821
Washington, D.C. 20530
Phone: (202) 307-0895
Fax: (202) 514-8780
Sherease.Louis@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DUAINE GREGORY ELLIS,<br><br>  Plaintiff,<br><br>  v.<br><br>OFFICE OF THE UNITED STATES<br>ATTORNEY GENERAL, *et al.,*<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>) Case Number: 1:06 CV1316 (EGS)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Plaintiff filed this Complaint challenging his deportation from the United States to Barbados pursuant to a final order of removal and seeking a permanent injunction. Defendants, through their undersigned counsel, submit this memorandum in support of their motion to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. First, district courts lack jurisdiction over claims like Ellis's under the REAL ID Act.[1] Second, under well-established case law in this circuit, exclusive jurisdiction to review actions that challenge administrative orders of removal or deportation is limited to the appellate courts in aid of their respective jurisdiction over the specialized immigration area. Finally, as Plaintiff has been deported and has no counsel to represent his interests, any jurisdiction the Court may arguably have had to entertain Plaintiff's claims is moot, as district courts lack jurisdiction over any claim

---

[1] *See* REAL ID Act of 2005 ("RIA"), § 106, Pub. L. No. 109-13, Div. B, 119 Stat. 231, 302.

in the absence of a live case or controversy. For these reasons, the Court should dismiss this Complaint with prejudice.

## FACTUAL BACKGROUND

Plaintiff Duaine Gregory Ellis, a native and citizen of Barbados, was born in Barbados in 1974, and entered the United States on November 8, 1977, at the age of three. On April 15, 1997, Plaintiff was convicted of aggravated battery in violation of Indiana Penal Code § 35-42-2-1.5, and was sentenced to twenty years in prison. As a consequence of his felony conviction, because he is not a United States citizen, Plaintiff was subject to removal or deportation from the United States, pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"). *See* Def. Exh. 1, Decision of the BIA and attachments. As Plaintiff did not allege that he feared torture if he was returned to Barbados, he was statutorily ineligible for relief from removal. Def. Exh.1, Decision of the BIA at 2, fn 2; *see also* Article 3 of the United Nations Convention Against Torture ("CAT").[2] On June 29, 2000, based on a final administrative decision by the BIA, and pursuant to section 237(a)(2)(A)(iii) of the INA, Plaintiff was ordered removed or deported from the United States, due to his aggravated felony conviction. *See* INA § 212(a)(9). Plaintiff challenged the Immigration Judge's decision ordering his removal on three grounds: 1) that he derived citizenship as a result of the naturalization of his parents, 2) that he was coerced into pleading guilty to an aggravated felony by his attorney, and was not counseled as to the

---

[2] The CAT was implemented by the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), Pub. L. No. 105-277, 112 Stat. 2681-761. Article 3 of the CAT provides that "[n]o State Party shall expel, return (refouler) or extradite a person to another State where there are substantial grounds for believing that he would be in danger of being subjected to torture."

immigration consequences of a guilty plea, and 3) that he would be homeless if deported from the United States to Barbados. On May 25, 2000, the BIA affirmed the immigration judge's decision and dismissed Plaintiff's appeal, finding his claims of derivative citizenship and inadequate counsel to be without merit. After the order of removal to Barbados became final, Plaintiff sought no further judicial review until he filed this Complaint on July 26, 2006. On October 25, 2006, Plaintiff was removed to Barbados pursuant to the outstanding order of removal.[3]

## STANDARD OF REVIEW

### A.    Lack of Subject Matter Jurisdiction

A district court cannot address any issue if it lacks subject matter jurisdiction. *See Fitts v. Federal Nat'l Mortgage Ass'n*, 44 F. Supp.2d 317, 320 (D.D.C. 1999). On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *District of Columbia Ret. Bd. v. United States*, 657 F. Supp. 428, 431 (D.D.C. 1987). In considering a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all material factual allegations in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987). A court may also consider materials outside the pleadings as appropriate to resolve the question whether it has jurisdiction to hear the case. *Herbert v. Nat'l Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *Borg-Warner Protective Servs. Corp. v. EEOC*, 81 F. Supp. 2d 20, 23 (D.D.C. 2000).

---

[3]   As per PACER, the Plaintiff has not provided the Court with an updated address in Barbados. Accordingly, Defendants have served him at his last known address provided to the Court.

### B. Failure to State a Claim

Under Rule 12(b)(6), the Court is to treat the complaint's factual allegations as true, *see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993), and must grant a plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir.1979).  However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." *Akintomide v. United States*, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing *National Treasury Employees Union v. United States*, 101 F.3d 1423, 1430 (D.C. Cir. 1996) and *Kowal v. MCI Communication Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  As the Supreme Court recently clarified in *Bell Atlantic Corp. v. Twombly*,

> a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions . . . . [f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true . . . .

127 S. Ct. 1955, 1959 (U.S. May 21, 2007) (NO. 05-1126).  In deciding the motion, the court may consider additional evidence.  *See Arizmendi v. Lawson*, 914 F. Supp. 1157, 1160-61 (E.D. Pa. 1996) ("In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion.").

4

# ARGUMENT

**I.    District Courts Lack Jurisdiction To Review Claims Related To An Alien's Removal From The United States.**

Plaintiff's claims fall within the reach of the jurisdictional provisions of the INA, which vest exclusive jurisdiction over orders of removal in the Courts of Appeals. *See* 8 U.S.C. § 1252(a). Pursuant to Congressional legislation, these provisions specifically preclude judicial review in district court. *See* REAL ID Act at § 106(a), codified at 8 U.S.C. § 1252(g). On May 11, 2005, the President signed the REAL ID Act into law. Section 106(a) of the REAL ID Act makes significant amendments to the INA's jurisdictional statute at 8 U.S.C. § 1252, to clarify that district courts lack jurisdiction to review any removal order or removal-related claim for any alien, criminal or non-criminal. As a result, § 1252, which the Supreme Court in *INS v. St. Cyr*, 533 U.S. 289 (2001) found to preclude "judicial review" over criminal aliens' removal orders, but not to preclude "habeas review" in district court, now clearly precludes all review in district court, including habeas corpus review of criminal and non-criminal aliens' removal orders and removal-related claims. Specifically, § 106(a)(3) of the REAL ID Act amended 8 U.S.C. § 1252(g), which now states as follows:

> **(g) Exclusive jurisdiction**
> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

The reference in § 1252(g) to "[e]xcept as provided in this section" refers to Section 1252, which provides that judicial review of removal orders is available only in the court of appeals

through a petition for review; not in district court.  Further, by making express reference to specific statutes, including, *e.g.,* the habeas corpus statute at 28 U.S.C. § 2241, and the mandamus statute at 28 U.S.C. § 1361, Congress made clear that there is no longer such jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."

Moreover, Congress made the amendment to § 1252(g) and all of the other amendments in § 106(a) of the REAL ID Act effective immediately and applicable to any "final administrative orders of removal, deportation, exclusion" that was "issued before, on, or after the date of enactment of this division."  REAL ID Act § 106(b).  Accordingly, the amendments in § 106(a) apply to this case because Plaintiff seeks review of the execution of a removal order which was "issued before . . . the date of enactment" of the REAL ID Act.  *Id.*

In *Gomez-Chavez v. Perryman*, 308 F.3d 796 (7th Cir. 2002) an alien filed an I-130 petition for an alien relative, an I-485 petition to adjust status, and an I-212 petition for leave to re-apply for admission after removal, *i.e.*, a waiver of inadmissibility.  The petitioner also commenced an action for a declaratory judgment and a writ of mandamus, asserting that the immigration service had improperly refused to adjudicate his I-212.  The Court of Appeals for the Seventh Circuit ruled, however, that petitioner's arguments "fit[] squarely within the steps covered by the prohibition on judicial review" set forth in Section 242(g) of the statute: "Under § 1252(g), courts are barred from reviewing discretionary decisions to 'commence proceedings, adjudicate cases, or execute removal orders." *Id.* at 800, *citing Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999).

In this case, Plaintiff challenges the Defendants' execution of the outstanding order for his removal to Barbados. That is the gravamen of his suit from which his various requests for relief flow. Thus, this suit clearly falls withing the language of § 1252(g) precluding judicial review in the district court of any cause or claim by any alien arising from the action of Defendants to execute removal orders.[4]

Finally, Plaintiff's challenge to his removal is also precluded by 8 U.S.C. § 1252(b)(9), which states:

> **(9) Consolidation of questions for judicial review**
> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

---

[4]  Plaintiff's challenge to his removal is also precluded by 8 U.S.C. § 1252(a)(2)(C), which provides

> **(2) Matters not subject to judicial review**
>     **(C) Orders against criminal aliens**
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182 (a)(2) **or 1227 (a)(2)(A)(iii)**, (B), (C), or (D) of this title, or any offense covered by section 1227 (a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.

8 U.S.C. § 1252(a)(2)(C)(emphasis added). Plaintiff was removed pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).

8 U.S.C. § 1252(b)(9). Thus, Congress made clear that there is no longer district court jurisdiction over claims relating to an alien's removal. The Supreme Court has described 8 U.S.C. § 1252(b)(9) as the "unmistakable 'zipper' clause" that "says 'no judicial review in deportation cases unless this section provides judicial review.'" *See Reno v. AADC*, 525 U.S. at 483. Plaintiff's claim falls squarely within the parameters of § 1252(b)(9) because it plainly implicates his removal from the United States. Section 1252(b)(9) applies to preclude review in district court of all issues, whether fact or law, constitutional or non-constitutional, "arising from any action taken or proceedings brought to remove an alien from the United States . . . ."

Finally, in *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ("TRAC"), the Court of Appeals for this circuit held that where a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the court's future jurisdiction is likewise subject to the exclusive jurisdiction of the appellate court. *Id.* at 77. As the Court in *TRAC* reasoned

> By lodging review of agency action in the Courts of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power. It would be anomalous to hold that this grant of authority only strips the District Court of general federal question jurisdiction under 28 U.S.C. § 1331 (1982) when the Circuit Court has present jurisdiction under a special review statute, but not when the Circuit Court has immediate jurisdiction under the All Writs Act in aid of its future statutory review power.

*Id.* (footnote omitted). Moreover, it makes no difference that Plaintiff cites to the Declaratory Judgment Act or the APA, because neither offer an independent grant of jurisdiction to the district court. Here, under the statutory scheme in the INA, as amended by the REAL ID Act, this Court has no present or future jurisdiction over matters pertaining to Plaintiff's removal proceedings or

8

the execution of the final order for his return to Barbados. These are matters intrusted to the exclusive jurisdiction of the Courts of Appeals.

The applicability of the TRAC doctrine is further underscored by the fact that any reconsideration and denial of Plaintiff's removal order by the BIA would be appealable to the United States Court of Appeals for the Seventh Circuit. *See* 8 U.S.C. § 1252(a) & (b)(1). Section 1252, as amended by the REAL ID Act, gives the Courts of Appeals jurisdiction to review all final orders of removal. "Implicit in this jurisdictional grant is the authority to review orders denying motions to reopen any such final order." *Patel v. United States Att'y Gen.*, 334 F.3d 1259, 1261 (11th Cir.2003) (citation omitted); see also, *Contreras-Rodriguez v. U.S. Attorney General*, 462 F.3d 1314 (11th Cir.) (reviewing denial of motion to reopen of alien who had been removed from the United States). Thus, it is clear that under TRAC, exclusive jurisdiction exists in the Courts of Appeals to review the issues Plaintiff raises in this Complaint.

## II.     There is No Jurisdiction Under the APA.

The APA does not entitle a person "adversely affected or aggrieved by agency action" to judicial review where another statute precludes judicial review or "*agency action is committed to agency discretion by law.*" *See* 5 U.S.C. § 701(a)(2)(emphasis added); *Brock v. Pierce County*, 476 U.S. 253, 260 n.7 (1986). Courts have construed the language in the APA to preclude judicial review when a different statute provides the procedures for judicial review. *Ortego v. Weinberger*, 516 F.2d 1005, 1009 (5th Cir. 1975) ("Where an act provides procedures for judicial review, a court cannot review an agency decision by any other means). Further, the APA itself does not confer jurisdiction on a district court to review the decision of an administrative agency. *See Califano v. Sanders*, 430 U.S. 99, 107 (1977). Thus, because review of removal orders is

committed to the discretion of the Attorney General, section 701(a)(2) precludes judicial review over Plaintiffs' claims.  8 U.S.C. 1252(b).[5]

### III. Alternatively, Plaintiff's Complaint Is Moot And Therefore Presents No Live Case Or Controversy For The Court.

The mootness doctrine, deriving from Article III of the Constitution, limits federal courts to deciding actual continuing controversies.  *Clarke v. United States*, 915 F.2d 699, 700-701 (D.C. Cir. 1990) (*en banc*).  As the Court of Appeals observed in *Clarke*:

> Even where litigation poses a live controversy when filed, the doctrine requires a federal court to refrain from deciding it if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future*." Transwestern Pipeline Co. v. FERC*, 897 F.2d 570, 575 (D.C. Cir. 1990); see also *Preiser v. Newkirk*, [422 U.S. 395, 401 (1975)].  This limitation "subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, [110 S. Ct. 1249, 1253 (1990)].

*Clarke*, 915 F.2d at 701.  Moreover, mootness is a jurisdictional question because federal courts are not empowered to decide moot questions or abstract propositions.  *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).  Thus, the exercise of judicial power under Article III depends at all times on the existence of a concrete case or controversy.  *See Penthouse International, Ltd. v. Meese*, 939 F.2d 1011 (D.C. Cir. 1991); *Committee In Solidarity With The People Of El Salvador v. Sessions*, 929 F.2d 742 (D.C. Cir. 1991).

---

[5] While a district court may have subject matter jurisdiction under 28 U.S.C. § 1331 over a claim that an agency has violated the APA if the claim is not "wholly insubstantial and frivolous" or "patently without merit," *see Bell v. Hood*, 327 U.S. 678, 682-84 (1946), even where subject matter jurisdiction to review an APA claim exists, a claim nevertheless may not be reviewed by the courts if the relevant agency action is "committed to agency discretion by law."  See 5 U.S.C. § 701(a)(2).

The instant case presents such a question of mootness. Plaintiff's Complaint asks this Court to enjoin the Defendants from deporting him to Barbados. However, because Plaintiff has already been deported, on October 25, 2006, his claims with respect to an injunction are moot. The Defendants have already adjudicated the claims raised in his Complaint and denied them as being without merit. Def. Exh. 1. Accordingly, no case or controversy is left for resolution.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint.

Respectfully submitted,

   /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   /s/ Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
555 Fourth St., N.W., Room E4821
Washington, D.C. 20530
Phone: (202) 307-0895
Fax: (202) 514-8780
Sherease.Louis@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DUAINE GREGORY ELLIS,<br><br>           Plaintiff,<br><br>    v.<br><br>OFFICE OF THE UNITED STATES<br>ATTORNEY GENERAL, *et al.,*<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case Number:  1:06 CV1316 (EGS)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of June 2007, I caused the foregoing Motion to Dismiss to be filed via the Court's Electronic Case Filing system and served upon Plaintiff's last known address by first-class mail, postage prepaid, addressed as follows:

DUAINE GREGORY ELLIS
R#973409
WABASH VALLEY CORRECTIONAL FACILITY
P.O. Box 2222
Carlisle, IN 47838

                                          /s/   *Sherease Louis*
                                             SHEREASE LOUIS