INS DISTRICT COUNSEL                    215 656 7148    P.02/05



**U.S. Department of** ~~ce~~

Executive Office for Immigration Review

Board of Immigration Appeals
Office of the Clerk

5201 Leesburg Pike, Suite 1300
Falls Church, Virginia 22041

*S-ELLIS, DUAINE GREGORY            Office of the District Counsel/PH
MCF, PO BOX 557, D7-105              1600 Callowhill St., Room 530
WESTVILLE, IN 46391-0557             Philadelphia, PA 19130

Name: *S-ELLIS, DUAINE GREGORY                    A35-557-798

                                        Date of this notice: 05/25/2000

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

Paul W. Schmidt
Chairman

Enclosure

Panel Members:
  DUNNE, MARY M.
  GUENDELSBERGER, JOHN
  HOLMES, DAVID B.

IMM. & NATZ. SVC.
LITIGATION SECTION-PHI
00 MAY 33 PM 12: 39
RECEIVED

GOVERNMENT EXHIBIT 1

.... ..-.... ..-..    INS DISTRICT COUNSEL    215 656 7148    P.03/05

**U.S. Department of Just..**  Decisi... b. ..e Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

File:   A35 557 798 - Plainfield, Indiana                    Date:   **MAY 25 2000**

In re:  DUAINE GREGORY ELLIS

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Pro se

ON BEHALF OF SERVICE:   Seth B. Fitter
                        Assistant District Counsel

CHARGE:

   Notice:   Sec.   237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
             Convicted of aggravated felony

APPLICATION:   Termination of proceedings


ORDER:

   PER CURIAM. The respondent has appealed the Immigration Judge's decision. The appeal is dismissed. The respondent's request for a waiver of the filing fee associated with the filing of an appeal is granted. *See* 8 C.F.R. §§ 3.3(a)(1) and 3.8 (2000). The request for oral argument before the Board is denied. 8 C.F.R. § 3.1(e).

   On appeal, the respondent raises three arguments, each of which will be addressed in turn. First, he contends that he has derived United States citizenship as a result of the naturalization of his parents. He notes that his parents are still legally married and that both naturalized prior to the change in law in April 1997.

   The facts are not in dispute. The respondent was born on July 12, 1974. His father was naturalized on April 16, 1992, 3 months before the respondent's 18th birthday. His mother was naturalized on June 14, 1995, almost 3 years after the respondent's 18th birthday. For the respondent to have derived United States citizenship from his parents, *both* his father and mother must have been naturalized prior to the date that the respondent turned 18 years of age. *See* section 321(a)(1) of the Immigration and Nationality Act. The respondent testified that his parents were separated but not divorced. *See* Tr. at 19. He did not indicate whether their separation was a legal separation but did advise that he did not know the whereabouts of his father. *Id.* Even assuming that the respondent's parents had been legally separated, the respondent could not derive United States

A35 557 798

citizenship from his parents. Where there has been a legal separation of the parents, the naturalization of the parent having legal custody of the child must have occurred before the child's 18th birthday. *See* section 321(a)(3) of the Act. In the present case, the respondent's mother was naturalized after his 18th birthday. He does not claim that his father had legal custody of him after his parents' separation and his lack of knowledge regarding his father's whereabouts coupled with a letter from his mother requesting that he be allowed to remain in the United States suggests that his father was not the custodial parent. We therefore find that the respondent did not derive United States citizenship upon the naturalization of his parents. We also note that there was no change in law in 1997 which addressed the derivative citizenship issues present in the instant case.

Second, the respondent argues that he was coerced by his criminal trial attorney into pleading guilty to aggravated battery.[1] He contends that he was not informed of the immigration consequences of his guilty plea.

We find this argument to be without merit. The state of Indiana does not have a law requiring attorneys to notify clients of the possible immigration consequences of their plea. *See Williams v. State of Indiana*, 641 N.E. 2d 44 (Ind. Ct. App. 1994). Thus, his conviction is not void as a matter of law. To the extent that the respondent is also arguing that he is not guilty of the crime for which he was convicted, due to the alleged coercion by his criminal trial attorney, we note that neither the Board nor the Immigration Judge can go behind the record of conviction to examine an alien's guilt or innocence. *See Matter of Roberts*, 20 I&N Dec. 294 (BIA 1991); *Matter of Edwards*, 20 I&N Dec. 191 (BIA 1990).

Third, the respondent advises that he would be homeless if deported from the United States because he has lived in this country since he was 3 years of age, all of his family lives in this country, and he has no knowledge of life or family outside of the United States. He also notes that during 18 of his 23 ½ years in the United States, he was a person of good moral character. We recognize that the respondent has significant ties to this country as a result of his 23 ½-year residence here and during much of that time he was not a subject of the criminal justice system. However, these facts do not alter the fact that the respondent has been convicted of an aggravated felony, is removable from the United States pursuant to section 237(a)(2)(A)(iii) of the Act, and is statutorily ineligible for relief from removal.[2]

---

[1] The respondent was convicted on April 15, 1997, in the Superior Court, County of Marion, Indiana, of aggravated battery in violation of Indiana Penal Code § 35-42-2-1.5, as a result of which he was sentenced to 20 years imprisonment. *See* Exh. 13 (conviction records); Tr. at 16 (respondent's admissions regarding his conviction and sentence).

[2] The respondent does not contend that he has a fear of return to Barbados. Thus, there is no issue regarding relief from removal pursuant to the United Nations Convention Against Torture.

2

A35 557 798

Accordingly, the appeal is dismissed.

_____
FOR THE BOARD

3

TOTAL P.05

**U.S. Department of Justice**
Immigration and Naturalization Service

**Warning to Alien Ordered Removed or Deported**

File No: A35 557 798

Date: June 29, 2000

Alien's full name: Duaine Gregory ELLIS

In accordance with the provisions of section 212(a)(9) of the Immigration and Nationality Act (Act), you are prohibited from entering, attempting to enter, or being in the United States:

☐ For a period of 5 years from the date of your departure from the United States because you have been found deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated upon your arrival in the United States as a returning lawful permanent resident.

☐ For a period of 10 years from the date of your departure from the United States because you have been found:
  ☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.
  ☐ inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated as a result of your having been present in the United States without admission or parole.
  ☐ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.
  ☐ deportable under section 237 of the Act and ordered removed from the United States in accordance with section 238 of the Act by a judge of a United States district court, or a magistrate of a United States magistrate court.

☐ For a period of 20 years from the date of your departure from the United States because, after having been previously excluded, deported, or removed from the United States, you have been found:
  ☐ inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.
  ☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.
  ☐ deportable under section 237 of the Act and ordered removed from the United States in proceedings under section 238 of the Act.
  ☐ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.
  ☐ to have reentered the United States illegally and have had the prior order reinstated under section 241(a)(5) of the Act.

☒ At any time because you have been found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and ordered deported or removed from the United States, and you have been convicted of a crime designated as an aggravated felony.

After your removal has been effected you must request and obtain permission from the Attorney General to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consulate or office of the Immigration and Naturalization Service. Refer to the above file number when requesting forms or information.

> **WARNING:** Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Attorney General's express consent. Any alien who violates this section of law is subject to prosecution for a felony. Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.

(Signature of officer serving warning)    (Title of Officer)    (Location of INS office)

X _Duaine Ellis_

Form I-294 (Rev. 6-1-97)N

U.S. Department of Justice  
Immigration and Naturalization Service

**Warrant of Removal/Deportation**

File No: A35 557 798

Date: JUNE 29, 2000

**To any officer of the United States Immigration and Naturalization Service:**

Duaine Gregory           ELLIS  
(Full name of alien)

who entered the United States at ___New Yor, New York___ on ___November 8, 1977___  
(Place of entry)                                    (Date of entry)

is subject to removal/deportation from the United States, based upon a final order by:

☐ an immigration judge in exclusion, deportation or removal proceedings  
☐ a district director or a district director's designated official  
☒ the Board of Immigration Appeals  
☐ a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:  
Section 237 (a)(2)(A)(iii) of the Immigration and Nationality Act.

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of:  
appropriations, "Salaries and Expenses of the Immigration and Naturalization Service, 2000."

_____  
(Signature of INS official)

District Director  
(Title of INS official)

June 29, 2000, Chicago, Illinois  
(Date and office location)

Form I-205 (Rev. 4-1-97) N

5/29/2007 7:16:06 PM 3 of 9

To be completed by Service officer executing the warrant:
Name of alien being removed:

Duaine Gregory          ELLIS

Port, date, and manner of removal: MIA 10/25/06 AA 651

Photograph of alien
removed

Right index fingerprint
of alien removed

_(Signature of alien being fingerprinted)_

_(Signature and title of INS official taking print)_

Departure witnessed by: _____
_(Signature and title of INS official)_

If actual departure is not witnessed, fully identify source or means of verification of departure:

_____
_____
_____
_____

If self-removal (self-deportation), pursuant to 8 CFR 241.7, check here. ☐

Departure Verified by: _____
_(Signature and title of INS official)_

Form I-205 (Rev. 4-1-97) N

5/29/2007 7:16:07 PM 4 of 9

IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
55 E. MONROE, SUITE 1900
CHICAGO, IL 60603

In the Matter of
DUAINE Gregory ELLIS    Case A 35-557-798

Respondent    IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X]  The respondent was ordered removed from the United States to Barbados
[ ]  Respondent's application for voluntary departure was denied and
     respondent was ordered removed to
     alternative to
[ ]  Respondent's application for voluntary departure was granted until
        upon posting a bond in the amount of $ _____
     with an alternate order of removal to
[ ]  Respondent's application for asylum was ( )granted ( )denied
     ( )withdrawn.
[ ]  Respondent's application for withholding of removal was ( )granted
     ( )denied ( )withdrawn.
[ ]  Respondent's application for cancellation of removal under section
     240A(a) was ( )granted ( )denied ( )withdrawn.
[ ]  Respondent's application for cancellation of removal under section
     240A(b) was ( )granted ( )denied ( )withdrawn. If granted, it was
     ordered that the respondent be issued all appropriate documents necessary
     to give effect to this order.
[ ]  Respondent's application for a waiver under section _____ of the INA was
     ( )granted ( )denied ( )withdrawn or ( )other.
[ ]  Respondent's application for adjustment of status under section _____
     of the INA was ( )granted ( )denied ( )withdrawn. If granted, it
     was ordered that respondent be issued all appropriate documents necessary
     to give effect to this order.
[ ]  Respondent's status was rescinded under section 246.
[ ]  Respondent is admitted to the United States as a _____ until _____.
[ ]  As a condition of admission, respondent is to post a $ _____ bond.
[ ]  Respondent knowingly filed a frivolous asylum application after proper
     notice.
[ ]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.
[ ]  Proceedings were terminated.
[ ]  Other: _____

Date: 9-28-99
Appeal: ~~WAIVED~~   Appeal Due By: 10/27/99

O. JOHN BRAHOS
Immigration Judge

AA